UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMMODITIES EXPORT COMPANY,
a Michigan corporation,

    Plaintiff,

vs.

CITY OF DETROIT, a municipal corporation,
and the UNITED STATES OF AMERICA,

    Defendants.

Case No. 09-

HON.

---

| | |
|---|---|
| KENNETH C. HARRISON (P39027) | ROGER E. CRAIG (P12308) |
| Co-counsel for Plaintiff | Co-counsel for Plaintiff |
| 134 N. Main Street | 4041 Gulf Shore Blvd North, #406 |
| Plymouth, MI 48170-1690 | Naples, Florida 34103 |
| (734) 454-9610 | (239) 263-4908 |

---

## COMPLAINT

No civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in this Court.

### General Allegations

1. Jurisdiction is vested in this Court pursuant to 28 U.S.C. 1346: 28 U.S.C. 1331, 28 U.S.C. 1343; 28 U.S.C. 1491 and the Fifth Amendment of the United States Constitution.

2. Plaintiff is the owner of property located at 3317-3325-3331 West Lafayette, Detroit, Michigan in the immediate area of the Ambassador Bridge.

3. Defendant City of Detroit is a Michigan municipal corporation with jurisdiction over streets and roads in the City of Detroit and specifically over 23rd Street and W. LaFayette in the City of Detroit.

4. According to a recent decision by the Michigan Supreme Court, an entity known as the Detroit International Bridge Company which owns and operates the Ambassador Bridge is an instrumentality of the United States Government.

5. This matter involves a claim for equitable relief.

6. Sometime before November 27, 2008, contractors in the employ of the Detroit International Bridge Company removed and destroyed the roads (portions of 23rd Street and W. Lafayettte) in front of and leading to Plaintiff's property.

7. The property is currently rented and the tenants cannot conduct their business, receive customers or obtain police or fire protection.

8. There are no known government sanctioned plans for removing or abandoning Lafayette or 23rd Street.

9. Removing Lafayette or 23rd Street leaves Plaintiff's property without access, landlocked and valueless.

10. The designation of the Detroit International Bridge Company ("DIBC") as a federal instrumentality by the Michigan Supreme Court has, on information and belief, hindered or prohibited the City of Detroit from enforcing their ordinances against the DIBC.

## COUNT I
## UNCONSTITUTIONAL TAKING

11. Plaintiff incorporate all preceding paragraphs by reference.

12. The City of Detroit has engaged in the acts and omissions relative to Plaintiff with regard to their ownership of the afore-described property which constitute a taking, permanent or/or temporary, of Plaintiff's property rights without payment of just compensation in violation

of the Fifth Amendment of the United States Constitution and Article 10, Section 2 of the 1963 Michigan Constitution.

13. Specifically, the City of Detroit has taken Plaintiff's property by failing to enforce its ordinances regarding obstruction and removal of City Street (Detroit Ordinance, Article II, Division I, Sec. 50-2-1), failing to enforce its ordinances regarding permitting for excavations and removal of pavement (Detroit Ordinance Article III, Sec. 50-3-1), failing to keep its streets clear and open, land locking Defendants' property, failing to prevent trespass on its streets and destroying or substantially impairing the value of Defendants' property.

14. The City of Detroit abused its legitimate powers in affirmative actions directly aimed at the Plaintiff's property and have resulted in a deprivation of the use and enjoyment of the property and have resulted in a taking of their property in contravention of the Fifth Amendment of the United States Constitution and Article 10, Section 2 of the 1963 Michigan Constitution.

15. The City of Detroit abused its legitimate powers in affirmative actions directly aimed at the Plaintiff's property and caused a substantial decline of the value of property in contravention the Fifth Amendment of the United States Constitution and Article 10, Section 2 of the 1963 Michigan Constitution.

16. The City of Detroit abused its legitimate powers in affirmative actions directly aimed at the Plaintiff's property resulting in injury to the Plaintiff's property which deprived them of the ordinary use of the property, entitling Plaintiff to just compensation under the United States Constitution and the 1963 Michigan Constitution.

17. The United States of America, through its agent and instrumentality the DIBC, has abused its legitimate powers in affirmative actions directly aimed at the Plaintiff's property and

caused a substantial decline of the value of property in contravention the Fifth Amendment of the United States Constitution and Article 10, Section 2 of the 1963 Michigan Constitution.

18. The United States of America, through its agent and instrumentality the DIBC, has abused its legitimate powers in affirmative actions directly aimed at the Plaintiff's property and have resulted in a deprivation of the use and enjoyment of the property and have resulted in a taking of their property in contravention of the Fifth Amendment of the United States Constitution and Article 10, Section 2 of the 1963 Michigan Constitution.

WHEREFORE, Plaintiff requests that this Court:

A. Enjoin all obstructions of 23rd and W. Lafayette in the vicinity of Plaintiff's property and affirmatively require that the streets be replaced forthwith;

B. Order whatever other relief this Court determines to be appropriate.

## COUNT II
## TRESPASS/NUISANCE/INTERFERENCE WITH EASEMENT

19. Plaintiff incorporate the previous allegations by reference.

20. Plaintiff, as abutting owners of property on W. Lafayette and 23rd Street, have an easement of access across and long these roads to access their property.

21. Defendants' conduct has interfered with Plaintiff's easements rights and constitutes both a trespass and nuisance, both public and private.

22. Defendants' trespass, nuisance and interference with Plaintiff's property rights in the easements is unlawful.

WHEREFORE, Plaintiff request that this Court:

A. To Order the abatement of Defendant's public and private nuisance.

B. Award attorney fees and costs interest to Plaintiff.

C. Order whatever other relief this Court determines to be appropriate.

## COUNT III
## INJUNCTIVE & DECLARATIVE RELIEF

23. Plaintiff incorporate the previous allegations by reference.

24. The interests of justice and the public interest require that City Ordinances be enforced, that the State and Federal Constitutions be enforced, that Defendant's interference/taking of Plaintiff's unique property rights be halted and that City Streets be open to the public.

25. There is no adequate remedy at law to remedy Plaintiff's rights in their unique property interest or for the infringement of their constitutional and statutory rights.

26. Plaintiff has suffered and continues to suffer an irreparable injury to Plaintiff's unique property interests and for the violation of their constitutional rights.

27. There is no harm to Defendant to be required to follow the law and the Constitution(s); Plaintiff harm for the infringement unique property interests and for the violation of their constitutional rights is paramount.

28. That this court should declare that the City of Detroit has the power and the obligation to enforce its ordinances against the United States of America's instrumentality.

WHEREFORE, Plaintiff request that this Court:

A. Grant Orders for Preliminary and Permanent Injunctive Relief enjoining the Defendant DIBC from removing or destroying W. Lafayette and 23rd Street and affirmatively requiring the DIBC to reconstruct said roads immediately and to construct the turnaround it is required to do under the Gateway Project.

B. Enter an Order for Preliminary and Permanent Injunctive Relief requiring the City of Detroit to enforce its Ordinances which prohibit the blocking of streets or un-

        permitted excavations;

C.    Set a date on the attached order for a hearing during which Defendants must show cause why a preliminary injunction should not issue enjoining the Defendants;

D.    Enter a Declaratory Judgment that the DIBC is either not a federal instrumentality or that they are otherwise bound to follow the Ordinances of the City of Detroit with respect to Plaintiff's property;

E.    Order Defendant to pay Plaintiff's costs and attorney fees.

F.    Order whatever other relief this Court determines to be appropriate.

## COUNT IV
## MANDAMUS

29. Plaintiff incorporate the previous allegations by reference.

30. Plaintiff has a clear legal right to travel over the public easements abutting its property absent a declaration that said right of ways are abandoned, after notice and obedience to statutory procedures.

31. Enforcing City ordinances regarding maintaining streets open and free of obstruction is a ministerial act, or in the alternative, failure to enforce clear ordinances is arbitrary, capricious and an abuse of discretion.

32. Defendant City of Detroit has a clear legal duty to enforce its ordinances and maintain its streets open and free of obstructions.

33. Defendant United States of America has a clear legal duty to control its instrumentalities and prevent them from interfering with Plaintiff's property rights.

34. No adequate remedy at law exists to remedy Plaintiff's loss of their unique property right and constitutional protections.

WHEREFORE, Plaintiff request that this Court:

    A.    Issue a writ of mandamus requiring the Defendant City of Detroit to enforce its ordinances with regard to the interference and blockading of 23rd and W. Lafayette Streets.

    B.    To Order the abatement of Defendants' public and private nuisance.

    C.    Order the United States to compel its agent and instrumentality, the DIBC, to discontinue its interference with Plaintiff's property rights;

    D.    Order whatever other relief this Court determines to be appropriate.

Respectfully submitted,

| | |
|---|---|
| s/ Kenneth C. Harrison | s/ Roger E. Craig (w/ permission - KCH) |
| KENNETH C. HARRISON (P39027) | ROGER E. CRAIG (P12308) |
| Co-counsel for Plaintiff | Co-counsel for Plaintiff |
| 134 N. Main Street | 4041 Gulf Shore Blvd North, #406 |
| Plymouth, MI 48170-1690 | Naples, Florida 34103 |
| (734) 454-9610 | (239) 263-4908 |