**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

COMMODITIES EXPORT COMPANY,

      Plaintiff,

v.                                                                Case No. 09-CV-11060-DT

CITY OF DETROIT and
THE UNITED STATES OF AMERICA,

      Defendants.

_____/

**ORDER DENYING DETROIT INTERNATIONAL BRIDGE CO.'S**
**MOTION TO PARTICIPATE AS AMICUS CURIAE AND TO FILE BRIEF**
**AND STRIKING PROPOSED AMICUS BRIEF**

Before the court is a "Motion . . . to Participate as Amicus Curiae and to File Brief," filed by Non-Party Detroit International Bridge Company ("DIBC") on August 18, 2009.  Plaintiff Commodities Export Company, Defendant City of Detroit and Defendant the United States of America have all filed briefs in opposition to the motion.  Having reviewed the briefs, the court concludes a hearing is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will deny the motion.

The parties agree that the court has broad discretion in determining whether to appoint amici curiae to assist it in a case.  *See Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1982).  DIBC contends that, in this case, the court should exercise that discretion and allow DIBC to participate as amicus curiae in order to "ensure a complete and plenary presentation of difficult issues so that the [c]ourt may reach a proper decision."  (DIBC's Br. at 5.)  DIBC admits that it "clearly" has an interest in this case (*id.* at 4), but contends that it should be allowed to participate as amicus curiae in order to give this court the

benefit of a "true adversarial presentation of the issues and the implications of this litigation" (*id.* at 5).  The court disagrees.

It is evident to the court that DIBC wants to participate in these proceedings, not as a "friend to the court" but as an adversary to Plaintiff and perhaps to Defendants. The court is not inclined to exercise its discretion and allow an amicus brief under these circumstances.  Rather, given DIBC's strong interest in the subject matter of this litigation, if DIBC wants to participate in this matter, it should file the appropriate motion to intervene under Federal Rule of Civil Procedure 24.  The court will not allow DIBC to circumvent the requirements or implications of Rule 24 by participating as an amicus curiae.  Further, because the court will deny the motion to participate as amicus curiae, the court will also strike DIBC's proposed amicus brief, which DIBC filed on the docket of this court without first obtaining leave of court.  Accordingly,

IT IS ORDERED that DIBC's  "Motion . . . to Participate as Amicus Curiae and to File Brief" [Dkt # 18] is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to STRIKE and REMOVE from the docket DIBC's proposed amicus brief [Dkt. # 18-2], which DIBC attached to its August 18, 2009 motion without prior leave of court.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 16, 2009

2

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 16, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522