**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

COMMODITIES EXPORT COMPANY,

    Plaintiff,

v.                                                      Case No. 09-CV-11060-DT

CITY OF DETROIT and
THE UNITED STATES OF AMERICA,

    Defendants.
                                               /

**ORDER GRANTING DETROIT INTERNATIONAL BRIDGE CO.'S
MOTION TO INTERVENE AND DIRECTING THE CLERK OF THE COURT TO ADD
DETROIT INTERNATIONAL BRIDGE CO. AS A DEFENDANT**

Before the court is a motion to intervene filed by Non-Party Detroit International Bridge Company ("DIBC") on November 23, 2009.[1]  Each of the existing parties have filed briefs in opposition to the motion.  Having reviewed the briefs, the court concludes a hearing is unnecessary.  See E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will grant the motion.

**I.  STANDARD**

Motions to intervene are governed by Federal Rule of Civil Procedure 24, which provides that:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

---

[1] DIBC's motion is not "accompanied by a brief" as is clearly required by the local rules.  See E.D. Mich. 7.1(c)(1)(A).  The court will, however, overlook DIBC's violation of the local rules in this instance because DIBC's motion contains the informative argument normally found within a brief and because briefing page limits are not exceeded.  Future violations will result in the relevant pleading simply being stricken from the docket.

>> (1) is given an unconditional right to intervene by a federal statute; or
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
>> (1) In General. On timely motion, the court may permit anyone to intervene who:
>>
>>> (A) is given a conditional right to intervene by a federal statute; or
>>>
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.
>>
>> . . .
>>
>> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.
>
> (c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Fed. R. Civ. P. 24.

DIBC also moves under Federal Rule of Civil Procedure 19, which states that:

(a) Persons Required to Be Joined if Feasible.

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or

>  (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

## II. DISCUSSION

There are two types of intervention allowed under Rule 24, intervention of right under Rule 24(a) and permissive intervention under Rule 24(b). Here, DIBC appears to rely on Rule 24(a), intervention of right.[2]

In order to establish intervention of right, a movant must satisfy four elements:

(1) timeliness of the application to intervene;

(2) the applicant's substantial legal interest in the case;

(3) impairment of the applicant's ability to protect that interest in the absence of intervention, and

(4) inadequate representation of that interest by parties already before the court.

*Mich. State AFL-CIO v. Miller,* 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy,* 6 F.3d 389, 395 (6th Cir.1993)).

Here, the only element which is contested by the parties is the first element. Indeed, the parties cannot dispute that DIBC has a substantial interest in this case, that DIBC has no way of protecting that interest absent intervention, or that the existing parties have not, nor are they likely to in the future, to represent the interest of DIBC. Indeed, the interest of DIBC appears to be adverse to each of the parties in this action.

---

[2]DIBC also cites to Federal Rule of Civil Procedure 19, related to required joinder of parties. Because the court will grant DIBC's motion under Rule 24, it will not address DIBC's alternative argument under Rule 19.

3

Rather, the parties focus on the first element, arguing that DIBC filed its motion to intervene too late.

For example, Plaintiff argues that this case has been pending since March, that DIBC knew of the existence of the lawsuit since, at the latest, on June 24, 2009 (and likely before), and that DIBC did not promptly move to intervene after the court denied its motion for leave to participate as amicus curiae on September 16, 2009.  Plaintiff further argues that the parties will be prejudiced if DIBC is allowed to intervene, as discovery is now closed and briefing is near completion on Plaintiff's motion for a permanent injunction and declaratory judgment.  Finally, Plaintiff asserts that DIBC has a history of eleventh-hour intervention attempts, as evinced by the concurring opinion in *United States v. Certain Land Situated in City of Detroit,* 361 F.3d 305, 311 (6th Cir. 2004):

> The timeliness prong of Rule 24(a)(2) requires the movant to file its motion to intervene promptly after discovery of its interest in the litigation. *United States v. Tennessee*, 260 F.3d 587, 594 (6th Cir. 2001). DIBCO contends that its responsibility to timely intervene arose on November 15, 2001, when it learned the amount of the Commodities defendants' recent settlement with the Government-that is, when DIBCO learned the amount of its potential liability pursuant to the MOA.  The district court, however, properly concluded that DIBCO should have moved to intervene within a reasonable period after December 12, 1996, which is when DIBCO received notice that the first two condemnation suits had been filed. In short, 1996 was when DIBCO learned of the fact of its potential liability under the MOA.  It should have intervened then, and not waited until it learned the amount of that potential liability in 2001.  *See Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 584 & n. 3 (6th Cir. 1982)  (applicants for intervention "should have attempted to intervene when they first became aware of the action, rather than adopting a 'wait-and-see' approach.").

*Id.* at 311 (Cole, J., concurring).

The court agrees that DIBC did not act as quickly as it should have to seek intervention.  The court does not agree, however, that DIBC's delay in filing its motion must preclude it from intervening now.  DIBC's delay in this case is not as egregious as its delay in *Certain Land Situated in the City of Detroit.*  While it is true that this case is near completion, it is also true that this case has proceeded unusually quickly.  Further, although DIBC did not move to intervene after learning of its interest in this lawsuit in June of 2009, it did attempt, after a fashion, to protect its rights by seeking leave to proceed as amicus curiae.   Within two months after that motion was denied, DIBC moved to intervene.  DIBC acted with reasonable dispatch, although certainly not expeditiously.

Finally, the court appreciates the parties concerns that some delay to the resolution of this action may ensue from allowing DIBC to intervene.  Such delay, if it is permitted to occur, is not in and of itself a ground to deny the motion to intervene.  Indeed, the parties have known of the possibility of intervention from the inception of the lawsuit, and this event does not come as a surprise to any of the parties or to the court.

Nonetheless, while the parties may expect some delay to the schedule, DIBC will not be allowed to derail the progress of this litigation.  The Advisory Committee Notes to Rule 24 state, "An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."  Fed. R. Civ. P. 24 advisory committee notes.  Accordingly, the court will conduct a status conference to determine how the existing schedule will need to be amended, if at all, bearing in mind that DIBC will be permitted

5

reasonable latitude to protect whatever interest it may have while being simultaneously prohibited from unreasonably stalling the efficient resolution of this action.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Detroit International Bridge Company's "Motion to Intervene" [Dkt. # 26] is GRANTED and the Clerk of the Court is DIRECTED to add Detroit International Bridge Company as a party defendant.

   S/Robert H. Cleland   
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 21, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 21, 2009, by electronic and/or ordinary mail.

   S/Lisa Wagner   
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-11060.COMMODITIES.GrantMotionIntervene.2.wpd