**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

COMMODITIES EXPORT COMPANY,

Plaintiff/Counter-Defendant,

v. Case No. 09-CV-11060-DT

CITY OF DETROIT,

Defendant,

and

UNITED STATES OF AMERICA,

Defendant/Cross-Claimant,

and

DETROIT INTERNATIONAL BRIDGE COMPANY,

Defendant/Counter-Plaintiff/Cross-Defendant

_______________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART DIBC'S MOTION TO DISMISS AND DENYING DIBC'S MOTION TO VACATE**

On July 9, 2010, the Detroit International Bridge Company ("DIBC") filed a "Motion to Dismiss Plaintiff's Complaint . . . and to Vacate Opinion and Order Dated June 29, 2010." Responses were filed by Plaintiff Commodities Export Company and the United States of America. Having reviewed the briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. 7.1(f)(2). The court will deny the motion in large part, but grant it in one respect, dismissing Plaintiff's *Bivens* claim.

**I. STANDARD**

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Tackett v. M&G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 466 (6th Cir. 2000)). Although a heightened fact pleading of specifics is not required, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 550 U.S. at 555 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *abrogated on other grounds by Twombly*, 550 U.S. 544. In application, a "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631,

634 (6th Cir. 2007) (citation omitted). Therefore, "to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citations and internal quotation omitted). Despite these requirements, a court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's well-pled factual allegations. *Twombly*, 550 U.S. at 556.

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

## II. DISCUSSION

In the court's June 29, 2010, Order, the court denied DIBC's motion for summary judgment and granted the United States's motion for summary judgment on the federal instrumentality issue. Specifically, the court rejected DIBC's various attempts to persuade the court that it lacked jurisdiction over this action, or should otherwise abstain from exercising jurisdiction, and instead found that the United States had shown as a matter of law that DIBC is not a federal instrumentality of the United States.

On July 16, 2010, the City of Detroit filed a "Notice of Correction," in which it corrected a factual misstatement made in earlier proceedings. Specifically, the City stated that 23rd Street did not actually abut Plaintiff's property but was separated from the property by a twelve-foot public alley. On July 27, 2010, DIBC then filed the instant

motion to dismiss, in which it argues that, based on the City's factual correction, the court lacks jurisdiction, and the court's June 29, 2010 order must therefore be vacated and Plaintiff's complaint dismissed. DIBC's motion is yet another attempt to dismiss this action based on fundamentally the same arguments it has presented in various motions to the court. (*See* July 9, 2010, "Motion for Reconsideration," February 26, 2010, "Motion for Summary Judgment.") Included within its motion, however, are a few new arguments directed at various counts of Plaintiff's complaint. The court will address each argument in turn.

**A. Jurisdiction**

DIBC first argues that the court lacks subject matter jurisdiction. The court has previously addressed DIBC's arguments regarding subject jurisdiction, and there is nothing presented in DIBC's motion which persuades the court that its previous rulings are in error. DIBC primarily argues that Plaintiff lacks standing to assert any claim in the Second Amended Complaint because its property does not abut 23rd Street. For the reasons stated in the court's order denying DIBC's motion for reconsideration, this argument is rejected. Plaintiff's ability to challenge DIBC's actions does not depend upon whether its property abuts 23rd Street, but only upon whether Plaintiff's property was entirely or materially cut off. *See Phelps v. Stott Realty Co.*, 207 N.W. 2, 5 (Mich. 1926) ("It is a well-settled rule that a lot owner's right to object to the vacation of a part of a street depends upon whether his lot abuts upon or comes in actual contact with the vacated portion, or access to his lot is entirely or materially cut off by reason of the vacation." (quotation omitted)).

Additionally, for the reasons stated in previous orders, and despite the admitted possible implication this court's order may have with respect to the relevant Michigan Supreme Court decision, there is no abstention doctrine which requires or suggests that the court should decline to maintain jurisdiction over this action.

Finally, contrary to DIBC's arguments, the court finds that Plaintiff's takings claim, seeking a return of its property rights in City streets and damages against the United States for less than $10,000, was properly filed in this court, rather than in state court or in the Court of Claims. *See Lenoir v. Porters Creek Watershed Dist*., 586 F.2d 1081, 1088 (6th Cir. 1978) ("We conclude that 28 U.S.C. s 1346(a)(2) expressly limits the district court's jurisdiction over these types of claims against the government to those not exceeding $10,000 in amount.").

**B. Individual Claims**

DIBC next argues that the remaining claims in Plaintiff's Second Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.[1] As will be discussed below, only one of DIBC's arguments has merit.

**1. Count III (Injunction and Declaratory Relief)**

In the court's September 30, 2010, order, the court dismissed any portion of Count III seeking an injunction or declaratory relief based on state law. DIBC apparently seeks to dismiss the entirety of Count III based on its argument that the court lacks jurisdiction over this action, and Plaintiff has therefore failed to identify a

[1]After DIBC filed its motion, the court sua sponte dismissed the state law claims in this action. (9/30/10 Order.) Thus, the court will not address DIBC's arguments to dismiss any claims that have been dismissed.

substantive claim underlying its declaratory relief claim. Because the court has rejected DIBC's jurisdictional challenges, the court also rejects this argument.

**2. Count V (42 U.S.C. § 1983); and the Cross Claim**

In Plaintiff's § 1983 claim against DIBC, it asserts that DIBC violated Plaintiff's constitutional rights in various ways. (2nd Am. Compl. at ¶ 48.) DIBC argues that Plaintiff has failed to state a claim because the State of Michigan has not compelled any action of DIBC. DIBC seems to assert that Plaintiff's § 1983 relies solely on the Michigan Supreme Court's decision that DIBC operated as a limited federal instrumentality and that the decision itself cannot form the basis of state authority. DIBC is, however, reading Plaintiff's complaint too narrowly. DIBC also argues that if the § 1983 claim is dismissed, so too must the Cross Claim be dismissed.

To state a claim under § 1983, Plaintiff must allege that DIBC, acting under the color of state law, deprived it of its "rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007); *Hughes v. Region VII Area Agency on Aging,* 542 F.3d 169, 176 (6th Cir. 2008) ("Section 1983 makes liable only those who, while acting under color of state law, deprive another of a right secured by the Constitution or federal law." (citing *Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005)). "As a general rule, '[s]ection 1983 does not ... prohibit the conduct of private parties acting in their individual capacities.'" *Campbell v. PMI Food Equipment Group, Inc*., 509 F.3d 776, 783 (6th Cir. 2007) (citing *Lindsey*, 484 F.3d at 827). However, "[a] private actor acts under color of state law when its conduct is fairly attributable to the state." *Hughes,* 542 F.3d at 176 (quoting *Romanski*, 428 F.3d at 636 (internal quotation omitted)).

> The "ultimate issue" in determining whether a private party is subject to suit under § 1983 is whether "the alleged infringement of federal rights [is] fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) (quotation marks omitted). This court applies the three tests articulated by the Supreme Court for determining the existence of state action under § 1983: "(1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test." *Chapman v. Higbee Co*., 319 F.3d 825, 833 (6th Cir. 2003).

*Campbell*, 509 F.3d at 783-84. Here, the court finds that the Second Amended Complaint presents sufficient facts to state a claim that alleged infringement of federal rights is "fairly attributable" to the State of Michigan.

Plaintiff alleges, among other things, that DIBC had a partnership with the State of Michigan through its contacts for road improvements to serve the Ambassador Bridge and that DIBC has claimed that the destruction of roads and access are authorized by the MDOT-DIBC "Gateway Project." (2nd Am. Compl. ¶ 46.) While Plaintiff does allege that the *Michigan Courts* have provided DIBC with a "mantle of authority" that "enhances its powers to do harm," Plaintiff also alleges that MDOT has provided DIBC with that same "mantle of authority." (*Id.* ¶ 47.) The court finds these facts sufficient to state a claim, at least to survive a motion to dismiss, that DIBC acted under color of state law, through the implementation of the MDOT "Gateway Project."

**3. Count VI (Bivens Claim)**

DIBC next argues that Plaintiff's *Bivens* claim must be dismissed. When "'a federal agent acting under color of his authority' violates the Constitution, the agent's victim may recover damages against the agent. Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights." *Vector Research, Inc. v. Howard & Howard Attorneys*

*P.C.*, 76 F.3d 692, 698 (6th Cir. 1996) (quoting *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971)). DIBC argues that this claim must be dismissed because DIBC is not “an appendage, agent, constituent, or servant of the federal government.” (DIBC’s Mot. at 18.) While the court observes that, based on previous rulings in this case, DIBC’s argument is well-taken that Plaintiff cannot possibly succeed on this claim, such an argument is better founded in a motion for summary judgment than in a motion to dismiss.

However, Plaintiff’s *Bivens* claim is subject to dismissal for another reason. “The purpose of Bivens is to deter *individual* federal officers from committing constitutional violations.” *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (emphasis added). Thus, the Supreme Court has held that a *Bivens* claim cannot be maintained against private entities acting under color of federal law. *Id.* As DIBC argues, “[a] *Bivens* claim requires that the plaintiff sue directly the individual federal actor allegedly responsible for the constitutional rights violation.” (DIBC Mot. at 18.) Because Plaintiff has sued a private entity, rather than an individual acting under color of federal law, its *Bivens* claim fails to state a claim upon which relief can be granted and DIBC’s motion to dismiss this claim will be granted.

## III. CONCLUSION

IT IS ORDERED that DIBC’s motion to dismiss [Dkt. # 112] is GRANTED IN PART AND DENIED IN PART. It is GRANTED with respect to Plaintiff’s *Bivens* claim,

and thus Count VI of the Second Amended Complaint is DISMISSED. It is DENIED in all other respects.

IT IS FURTHER ORDERED that DIBC's motion to vacate [Dkt. # 112] is DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 18, 2011, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-11060.COMMODITIES.DismissVacateSMJ.2.wpd