**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

COMMODITIES EXPORT COMPANY,

      Plaintiff/Counter-Defendant,

v.                                Case No. 09-CV-11060-DT

CITY OF DETROIT,

      Defendant,

and

UNITED STATES OF AMERICA,

      Defendant/Cross-Claimant,

and

DETROIT INTERNATIONAL BRIDGE
COMPANY,

      Defendant/Counter-Plaintiff/Cross-
      Defendant

_____/

**ORDER DENYING AS MOOT THE UNITED STATES OF AMERICA'S "MOTION FOR**
**JUDGMENT ON THE PLEADINGS, AND TO DISMISS STATE LAW CLAIMS FOR**
**LACK OF JURISDICTION"**

      Before the court is a "Motion for Judgment on the Pleadings, and to Dismiss

State Law Claims for Lack of Jurisdiction," filed by the United States of America on May

24, 2010.  The matter has been fully briefed, and the court conducted a hearing on the

motion on June 30, 2010.  For the reasons discussed below, the court will deny the

motion.

## I.  INTRODUCTION

Plaintiff Commodities Export Company initiated this action on March 20, 2009, against Defendants the United States of America and the City of Detroit. Plaintiff later filed an amended complaint on May 1, 2009.  On December 21, 2009, following the conclusion of discovery, the court granted a motion to intervene filed by Detroit International Bridge Company ("DIBC").  Thereafter, by stipulation, Plaintiff filed its "Second Amended Complaint."

DIBC filed a Counter-Complaint against Plaintiff, and a Third Party Complaint against Walter Lubienski and Dean Aytes.  On February 5, 2010, the United States filed a Cross Claim against DIBC.

The parties have since filed various motions seeking to limit or resolve the issues before the court.  At issue in this order is the Government's motion for judgment as to the federal claims and to dismiss the state law claims.

## II.  PLAINTIFF'S CLAIMS

Under Count I of the "Second Amended Complaint," Plaintiff asserts that the City of Detroit has failed to enforce its ordinances against DIBC and that, therefore, the City of Detroit and DIBC have engaged in acts that constitute a taking of Plaintiff's property rights without just compensation under the Fifth Amendment of the Constitution.  (2d Am. Compl. ¶ 14-18.)  Plaintiff also asserts this claim against the United States of America, arguing that the Government is responsible for the actions of its agent and instrumentality, DIBC.  (*Id.* ¶ 19-20.)  Plaintiff requests that the court (1) "[e]njoin all obstructions of 23rd and W. Lafayette in the vicinity of Plaintiff's property and

2

affirmatively require that the streets be replaced forthwith" and (2) "[o]rder whatever other relief this [c]ourt determines to be appropriate."  (*Id.* ¶ 20.)

Under Count II, Plaintiff asserts a claim against DIBC entitled "Intentional Trespass/Nuisance/Interference with Easement."  Plaintiff contends that DIBC has trespassed and interfered with the easement rights which Plaintiff and all other abutting land-owners share in the property "across and [a]long these roads to access their property and . . . to the center line of all roads." (*Id.* ¶ 22.)  Plaintiff requests that the court order the abatement of DIBC's public and private nuisance, and award damages and attorney fees associated with DIBC's trespass.  (*Id.* ¶ 28.)

In Count III, Plaintiff seeks injunctive and declaratory relief.  Specifically, Plaintiff seeks a declaration that DIBC "is not a federal instrumentality or that they are otherwise bound to follow the Ordinances of the City of Detroit with respect to Plaintiff's property." (*Id.* ¶ 34.)  Plaintiff also seeks injunctive relief requiring the City of Detroit to enforce its ordinances, and requiring DIBC to cease its actions with respect to W. Lafayette and 23rd Street and to reconstruct the roads.  (*Id.* ¶ 34.)

In Count IV, Plaintiff asks the court to issue a mandamus requiring the City of Detroit to enforce its ordinances, ordering the abatement of Defendants' public and private nuisance, and ordering the United States to compel its agent and instrumentality to discontinue its interference with Plaintiff's property rights.  (*Id.* ¶ 40.)

Count V asserts an action against DIBC under 42 U.S.C. § 1983.  Plaintiff claims that DIBC's actions with respect to the relevant property has been taken under the color of state law, with a "mantle of authority" which subjects DIBC to liability under § 1983. (*Id.* ¶¶ 42-49.)

Count VI asserts a "Bivens" claim against DIBC, arguing that DIBC has also taken its actions under the color of federal law and, as such, should be compelled to cease its alleged unconstitutional actions.  (*Id.* ¶¶ 51-54.)

Finally, in Count VII, Plaintiff asserts an "Interference with Business Expectancy" claim against DIBC.

### III.  DISCUSSION

The Government's motion focuses on Plaintiff's Counts V and VI.  Specifically, the Government argues that it is entitled to a judgment on the pleadings for any claims brought against it by Plaintiff based on *Bivens* or 42 U.S.C. § 1983.

First, the Government contends that *Bivens* claims extend "only to individual persons whose conduct violates federal constitutional rights," and that therefore, "[t]he United States is not a proper defendant for a *Bivens* action."  (*See* Gov't.'s Mot. at 3.) Additionally, the Government asserts that "[t]here is no cause of action under § 1983 against federal officials, much less against the United States as such."  (*Id.* at 4.)  The Government concludes from these arguments that "[j]udgment on the pleadings in favor of the United States is . . . appropriate on Commodities' *Bivens* and § 1983 counts." (*Id.*)

In response, Plaintiff states that the claims which the Government attacks "are clearly directed toward DIBC only."  (Pl.'s Resp. at 3 (emphasis in original).)  Plaintiff submits that the only possible liability that the Government has for these claims is "if the United States is wrong in all their arguments against DIBC's status as a federal instrument."  (*Id.* (emphasis in original).)  The court has entered an order in which it accepts the Government's arguments and finds as a matter of law that DIBC is not a

federal instrumentality.  (*See* Dkt. # 99.)  Accordingly, as the case now stands, there is no dispute that Plaintiff's complaint does not assert any § 1983 claim or *Bivens* claim against the United States, nor can the United States be held liable for DIBC's alleged liability under these counts.[1]  The counts are, indeed, labeled as being asserted against DIBC only, and there is no viable argument that the United States can be held liable for DIBC's conduct.  The United States therefore is not entitled to a judgment on the pleadings for these counts, because Plaintiff is not asserting these counts against the United States.[2]

The Government also argues that "judicial discretion counsels against exercising supplemental jurisdiction over numerous and predominating state law claims."  (Gov't.'s Mot. at 4.)  All of the parties agree with this statement to some extent, but they each, predictably, argue that the statement should be limited or extended as would benefit their claims.  DIBC argues that the court should dismiss all the state law claims, and that the court should also dismiss the Government's claims against DIBC.  (DIBC's Resp. at 3.)  Plaintiff argues that DIBC's state law claims should be dismissed, but that Plaintiff's state law claims are tenable and should remain.  (Pl.'s Resp. at 6.)  The City

---

[1]DIBC has filed a response to the Government's motion, agreeing that Plaintiff's claims "against the United States ostensibly [based] upon *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983 should be dismissed, for the reason that neither of those Counts sets forth a claim upon which relief may be granted."  (DIBC's Resp. at 2-3.)  The City of Detroit "takes no position with respect to the United States' request to dismiss Plaintiff's claims against it under" *Bivens* and § 1983.  (City's Resp. at 5.)

[2]In its reply brief, the United States challenges the viability of Plaintiff's *Bivens* and § 1983 claim even as asserted against DIBC, but the United States lacks standing to challenge claims not asserted against it.   To the extent the United States has moved to dismiss these claims asserted against DIBC, the court will deny the request for lack of standing.

of Detroit argues that the court should retain jurisdiction over Count V of DIBC's Counter

Complaint and Third Party Complaint, which relates to DIBC's rights to and actions with

respect to 23rd Street.  Interestingly, in its reply, the Government agrees with the City

and argues that all state law claims should be dismissed with the exception of DIBC's

Count V.

Since the briefing of this motion, however, the court has resolved this issue by

separate order.  Specifically, on September 30, 2010, the court issued an order sua

sponte declining to exercise supplemental jurisdiction over any state law claims in this

matter.  Accordingly, the portion of the United States motion requesting dismissal of the

state law claims will be denied as moot.

### IV.  CONCLUSION

IT IS ORDERED that the Government's motion for judgment on the pleadings

[Dkt. # 89] is DENIED AS MOOT.[3]

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 18, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, March 18, 2011, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-11060.COMMODITIES.JudgmentPleadings.wpd

---

[3]To the extent that any party has attempted to use the briefing of this motion to
reargue previously filed motions, the court has disregarded those arguments.