**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

COMMODITIES EXPORT COMPANY,

    Plaintiff/Counter-Defendant,

v.                                                                 Case No. 09-CV-11060-DT

CITY OF DETROIT,

    Defendant,

and

UNITED STATES OF AMERICA,

    Defendant/Cross-Claimant,

and

DETROIT INTERNATIONAL BRIDGE
COMPANY,

    Defendant/Counter-Plaintiff/Cross-
    Defendant
                                               /

**ORDER DISMISSING UNITED STATES OF AMERICA BUT DIRECTING COUNSEL
TO APPEAR AT THE NEXT SCHEDULED STATUS CONFERENCE**

    On July 6, 2010, the court issued an order requiring Plaintiff Commodities Export Company to show cause why the United States of America should not be dismissed from this action. Plaintiff timely responded,[1] and the United States of America filed a

---

[1] Plaintiff responded on July 16, 2010, by filing Docket # 105, erroneously docketed as a response to the United States's motion for judgment on the pleadings. Thereafter, Plaintiff filed an "Amended Response to the Court's Order to Show Cause . . . ," Docket # 108, also erroneously docketed as a response to the United States's motion for judgment on the pleadings. In considering this issue the court has relied upon Plaintiff's July 20, 2010, "Amended Response."

reply in opposition to Plaintiff's response. For the reasons stated below, the court finds that the United States must be dismissed from this action.

As stated in earlier filings and on the record at various proceedings, after the court granted the United States of America's motion for summary judgment on the federal instrumentality issue on June 29, 2010, the court was inclined to believe the United States should be dismissed from this action. This inclination was based upon the fact that if, as the court found, Detroit International Bridge Company ("DIBC") was and is not a federal instrumentality, then the United States could not be held liable under any theory asserted by Plaintiff in this case. The court thus issued its July 6, 2010, order requiring Plaintiff to affirmatively set forth any basis to keep the United States as a party in this action. Plaintiff argues in its response that, "the initial purpose of this lawsuit was to force the United States to control its alleged instrumentality, the DIBC, or to otherwise embolden the City of Detroit to retake 23rd Street, preferably by Federal court injunction." (Pl.'s Resp. at 10.) Plaintiff now asserts that, following the court's June 29, 2010, order declaring that the DIBC is not a federal instrumentality, "the direction has changed." Plaintiff argues that the United States is liable for the actions of the Customs and Border Protection ("CBP") in "fueling" DIBC's argument that it has federal sanction for the taking of 23rd Street. (*Id.*) Plaintiff therefore argues that the United States should not be dismissed or, in the alternative, the court should "allow amendment of the complaint to add [CBP] as a party Defendant." (*Id.* at 16.)

Having considered the matter, and reviewed the Second Amended Complaint, the court finds Plaintiff's arguments to be wholly without merit. Plaintiff is the only party

in this action who asserted claims against the United States, and Plaintiff's sole theory in the Second Amended Complaint against the United States relates to the alleged federal instrumentality status of the DIBC.  Now that the court has found that DIBC is *not* a federal instrumentality, there is no viable theory against the United States based upon the current pleadings.  Plaintiff's last-ditch attempt to assert a claim based upon the actions of CBP is rejected.  While CBP was indeed mentioned in the Second Amended Complaint, it was certainly not the focus of Plaintiff's claims, nor is the CBP included in any count of the Second Amended Complaint.  The pleadings do not assert such a claim, CBP is not a party in this case, and Plaintiff has not filed any motion to amend the complaint to add CBP.[2]  The court does not entertain requests to amend pleadings which are tacked on to the end of other briefs; such requests must be contained in a motion, properly supported by an accompanying brief, and in compliance with the local rules.  As the pleadings currently exist, there is no sustainable cause of action against the United States, and the United States has prevailed on its own Cross Claim.  Thus, Plaintiff has failed to satisfactorily respond to the court's order to show cause in that Plaintiff has failed to articulate any legitimate basis upon which to keep the United States in this action.  Accordingly,

---

[2]The court frankly doubts the vitality of any such motion.  Even assuming that Plaintiff has identified a cause of action against CBP—a fairly tenuous assumption under these facts—the court is inclined to believe that any request to amend the pleadings, yet again, comes too late in this litigation.

IT IS ORDERED that the United States is hereby DISMISSED from this action. Counsel for the United States, however, is DIRECTED to appear at the next scheduled status conference.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 18, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 18, 2011, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-11060.COMMODITIES.DismissUnitedStates.2.wpd